IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.     19-CR-00098-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**LEONARD LUTON**,

       Defendant.

_____

**UNOPPOSED MOTION TO EXCLUDE 90 DAYS FROM THE SPEEDY TRIAL ACT AND RESET TRIAL DATES AND DEADLINES**
_____

Leonard Luton, through his attorney, Laura H. Suelau, hereby moves this Court for an Order vacating all current deadlines and trial date and excluding 90 days from the Speedy Trial Act computations, and in support thereof, states as follows:

**TIME SOUGHT**

Although framed as a motion for exclusion of time in terms consistent with the Speedy Trial Act, counsel is less concerned with whether time is "excluded" or how the Court accomplishes the setting of a new trial date than with when the date actually is. The request for "exclusion" of time is subject to multiple interpretations. Notwithstanding discussions in the case law of "excluding" time, counsel believes that

a motion keyed to the calendar, and not the speedy trial clock, best reflects counsel's intention concerning when she wants the trial to occur.

To be clear then, what counsel seeks is a new trial date on or after August 12, 2019. As set forth below, that date is warranted because counsel cannot be prepared for trial before then.

## PROCEDURAL HISTORY

1.      On January 31, 2019, Mr. Luton charged by Criminal Complaint of a single count of Attempt and Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. 1341. Doc. 1.  He was arrested and first appeared before the Court on February 6, 2019.

2.      On March 6, 2019, Mr. Luton was indicted on five counts of 18 U.S.C. 1341 and 2.  The following day, Mr. Luton was arraigned on the indictment and entered a plea of not guilty to all counts.  Doc. 23.  At that time, a Discovery Order was entered and the government was ordered to provide discovery on or before March 14, 2019. Doc. 24.

3.      Mr. Luton's 70-day speedy trial time limit is May 15, 2019.  Doc. 24. This Court subsequently Ordered pretrial motions due by March 25, 2019 and set a five day jury trial to begin on May 6, 2019.  Doc. 25.  Counsel believes that, as of March 22, 2019, 57 days remain on the speedy trial clock (excluding 4 days for the resolution of Doc. 26).

4.      The government tendered discovery to undersigned counsel on March 12, 2019 and subsequently informed her that more discovery would be produced, but did

2

not provide an exact time-frame for that production.  Additional discovery was produced on March 21, 2019.  The government indicated there may be additional discovery outstanding, including the results of the search of eight electronic devices.  The discovery provided on March 12, 2019 includes approximately 600 pages of investigation, 350 audio recordings of varying lengths, a few thousand pages of telephone logs, and the records of six bank accounts.  Counsel has not had the opportunity to catalogue the evidence produced on March 21, 2019.

5.	The complaint filed in this case alleges at least two victims, in Colorado and Michigan, and a number of charged and uncharged alleged co-conspirators.  The alleged conduct involves acts or transactions occuring in Colorado, Michigan, New York, New Jersey and Jamaica.

**LAW REGARDING REQUESTS FOR CONTINUANCES**

5.	This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."  18 U.S.C. § 3161(h)(7)(B)(i).  An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . .

. the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted."  United States v. Toombs, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting United States v. Gonzales, 137 F.3d 1431, 1433 (10th Cir. 1998)).  The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time.  See id. at 1271.  Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act.  See id. at 1271-72.

6.      In United States v. West, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

**ARGUMENT**

7. Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7) and factors set forth in *United States v. West*.

8. Counsel has been diligent in both the preparation of this matter and in the timing of this motion. Counsel has been in contact with Mr. Luton and has done a preliminary review of the discovery provided. This motion is filed before the pretrial motions deadline.

9. The current trial date of May 6, 2019 does not allow counsel to thoroughly review the discovery provided by the government, discuss the discovery with Mr. Luton, research potential pretrial motions and strategies, and discuss those motions and strategies with Mr. Luton.

10. The alleged occurred over a sprawling geographic area and involve a large number of alleged victims, co-conspirators, and witnesses, each of whom may need to be interviewed in advance of trial.

11. Counsel has a jury trial set for April 8, 2019 on the Grand Junction docket in case no. 18-cr-00463-PAB that she anticipates will proceed to trial.

12. At this time, the defense counsel believes that 90 days will be sufficient time to review the discovery, perform additional investigation, and discuss trial options with Mr. Luton.

13.     Mr. Luton was ordered Detained following a detention hearing on March 21, 2019.[1]  Notwithstanding his detention, counsel has discussed with Mr. Luton, and he understands the need for a continuance.

13.     Defense counsel has conferred with Assistant United States Attorney Martha Paluch, who does not oppose this motion.

14.     The final West factor is the need asserted for the continuance and the harm that the defendant might suffer as a result a denial.  The need for the continuance is described throughout this motion.  Without the requested continuance, the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions.  Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and Mr. Luton's right to be effectively represented in these proceedings will be seriously damaged.

---

[1] Counsel intends to appeal that order of detention.

## CONCLUSION

Wherefore, Mr. Luton respectfully requests this Court for an Order vacating all current deadlines and trial date and excluding 90 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,
VIRGINIA L. GRADY
Federal Public Defender


s/ Laura H. Suelau
LAURA H. SUELAU
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (603) 294-7002
FAX:  (603) 294-1192
Laura.Suelau@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on **March 22**, **2019** I electronically filed the foregoing

**UNOPPOSED MOTION TO EXCLUDE 90 DAYS FROM THE SPEEDY TRIAL ACT AND RESET TRIAL DATES AND DEADLINES**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

>Martha Paluch, AUSA
>martha.paluch@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

>Leonard Luton
>VIA U.S. POSTAL SERVICE, regular mail

>s/ Laura H. Suelau
>LAURA H. SUELAU
>Assistant Federal Public Defender
>633 17th Street, Suite 1000
>Denver, CO  80202
>Telephone:  (603) 294-7002
>FAX:  (603) 294-1192
>Laura.Suelau@fd.org
>Attorney for Defendant