**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 19-cr-00098-CMA-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEONARD LUTON,

    Defendant.

---

**UNOPPOSED MOTION TO VACATE NOVEMBER 4, 2019 TRIAL DATE, VACATE ALL TRIAL-RELATED DEADLINES, AND EXCLUDE 30 DAYS FROM THE SPEEDY TRIAL CLOCK**

---

    Defendant Leonard Luton, through his attorney, Mark Edward Scabavea, respectfully requests that this honorable Court vacate the November 4, 2019 trial date, vacate all trial-related deadlines, and exclude thirty days from the speedy trial clock. Counsel has conferred with Assistant U.S. Attorneys Martha A. Paluch and Sarah H. Weiss and both concur with this motion.

    As reasons therefor, Counsel recently entered his appearance on the above-captioned case on September 13, 2019. [Doc. No. 62]. After discussing the case with previous counsel and counsel for the government, Counsel requires additional time, beyond the currently set trial date, to review discovery and adequately prepare the case. Both previous counsel and counsel for the government have stated to Counsel that discovery is voluminous. Specifically, discovery in this case includes:

1

- approximately 8300 pages of investigative reports and subpoenaed records from 19 entities
- the extraction of data from five phones amounting to approximately 319 gigabytes of data (of that, approximately 90 gigabytes of data is from the defendant's phone)
- over 350 audio calls and interview recordings
- approximately 10 terabytes of data from seized media devices such as laptops and thumb drives recovered from the defendant's vehicles.

The government is in the process of providing this discovery to Counsel. Counsel will need time to assess the discovery before making a determination as to how much time Counsel will need to prepare pretrial motions and prepare for trial. Accordingly, Counsel requests that the Court and the parties discuss at the September 26, 2019 Status Conference a second status conference in approximately 30 days, at which time Counsel will have a better understanding of how much time he will need to prepare for trial.

**LAW IN SUPPORT OF THIS REQUEST FOR A CONTINUANCE**

1. This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. Factors for the Court to consider in granting this delay are:

   a. Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible,

or result in a miscarriage of justice.  18 U.S.C. § 3161(h)(7)(B)(i).

   b.   Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings within the Speedy Trial time limits.  18 U.S.C. § 3161(h)(7)(B)(ii).

   c.   Whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).

   2. In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." United States v. Toombs, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting United States v. Gonzales, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. See *id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act.  See id. at 1271-72.

   3. In United States v. West, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish

3

the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

4. Counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7) and factors set forth in United States v. West.

5. As noted, Counsel was just recently retained to represent the defendant. The Court granted the defendant's prior counsels' motion to withdraw as counsel on September 18, 2019. [Doc. No. 64].

6. The current trial date of November 4, 2019 does not allow counsel to thoroughly review the discovery in this case, discuss the discovery with Mr. Luton, research potential pretrial motions and strategies, discuss those motions and strategies with Mr. Luton, and conduct the necessary investigation with Mr. Luton.

7. Counsel believes that after 30 days he will be better able to inform the Court of a realistic setting for Mr. Luton's trial.

8. Mr. Luton was ordered Detained following a detention hearing on March 21, 2019. Notwithstanding his detention, counsel has discussed with Mr. Luton, and he understands, the need for a continuance.

9. The government agrees that given the fact Counsel was recently retained, and given the volume of discovery, an ends of justice continuance is appropriate.

4

10.	The final <u>West</u> factor is the need asserted for the continuance and the harm that the defendant might suffer as a result a denial. The need for the continuance is described throughout this motion. Without the requested continuance, Counsel will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions. Without the exclusion of a period of time from the speedy trial calculations, Counsel will be unable to provide effective assistance of counsel and Mr. Luton's right to be effectively represented in these proceedings will be seriously damaged.

## CONCLUSION

For these reasons, Counsel requests that the Court vacate the November 4, 2019 trial date, vacate all trial-related deadlines, and exclude thirty days from the speedy trial clock.

Respectfully submitted this 23rd Day of September, 2019.

SCABAVEA & ASSOCIATES, LLC

s/ Mark E. Scabavea
MARK EDWARD SCABAVEA
301 Sheridan Blvd.
Lakewood, Colorado 80226
Office: (707) 592-5571
markscabavea@icloud.com

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on September 23, 2019, I electronically filed the foregoing Unopposed Motion to Vacate November 4, 2019 Trial Date, Vacate all Trial-Related Deadlines, and Exclude 30 days from the Speedy Trial Clock with the Clerk of the Court using the CM/ECF system and/or electronic mail, which will send electronic notification to all the parties.

Martha Ann Paluch
martha.paluch@usdoj.gov

Sarah H. Weiss
Sarah.weiss@usdoj.gov

                                              s/ Mark E. Scabavea
                                              MARK EDWARD SCABAVEA
                                              301 Sheridan Blvd.
                                              Lakewood, Colorado 80226
                                              Office: (707) 592-5571
                                              markscabavea@icloud.com