IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 19-cr-00098-CMA-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  LEONARD LUTON,

    Defendant.

**ORDER GRANTING GOVERNMENT'S UNOPPOSED MOTION *IN LIMINE***

This matter is before the Court on the Government's Unopposed Motion *in Limine* Seeking a Pretrial Ruling on Self-Authenticating, Non-Hearsay Evidence Pursuant to Federal Rules of Evidence 803(6), 902(11), and 902(13) (Doc. # 77). Having reviewed the Motion, applicable law, and the pertinent record, the Court ORDERS as follows:

    1.    The Government's Unopposed Motion *in Limine* (Doc. # 77) is GRANTED.

    2.    Pursuant to Federal Rules of Civil Procedure 803(6), 902(11), and 902(13) and Tenth Circuit authority,[1] the Court accepts the certifications submitted with the records specifically identified in Paragraph 9 of the Government's Motion *in Limine*

---

[1] *United States v. Yeley-Davis*, 632 F.3d 673, 678–80 (10th Cir. 2011) (holding that a business record certification executed by a custodian of record as to certain records establishes that such records are admissible under Rule 803(6) and self-authenticating under Rule 902(11) and that such records are neither testimonial nor subject to the Confrontation Clause).

(Doc. # 77 at 4–6) and determines that no further authentication is necessary with respect to these documents.

3. Any custodian who was identified in Paragraph 9 of the Government's Motion *in Limine* (Doc. # 77 at 4–6) and who has been served with and is subject to a subpoena to compel attendance at trial in the instant case (Case No. 19-cr-00098-CMA-01) is hereby released from such subpoenas.

4. When the Parties provide their exhibit lists to the Court in accordance with the Court's Criminal Practice Standards, the Parties shall identify which of these records (proffered then as exhibits) have been stipulated to as to authenticity pursuant to this Order.

5. The records at issue will still be subject to challenges as to admissibility based on relevance or any other objection provided under the Federal Rules of Evidence that do not pertain to authenticity.

DATED: January 16, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge