IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  19-cr-00098-CMA-1

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LEONARD LUTON,

    Defendant.

**STIPULATION AND GOVERNMENT'S MOTION FOR A PRE-TRIAL RULING ON THE ADMISSIBILITY OF TRANSCRIPTS OF RECORDED CALLS AND VOICEMAIL MESSAGES**

    The United States of America, by and through Assistant United States Attorneys Martha A. Paluch, and Sarah H. Weiss, and the Defendant Leonard Luton, by and through his counsel Mark Scabavea, hereby agree and stipulate to the admissibility at trial of transcripts of a limited number of recorded calls and voicemail messages.[1]

    So that exhibits may be properly prepared well in advance of trial, the government seeks a pre-trial ruling from this Court as to the admissibility of these transcripts.

    In support, the government states as follows:

    1.  During the course of the investigation, the FBI placed recording equipment on

---

[1] The messages were in fact audio clips sent via a messaging application.  For ease of reference in this pleading, the government refers to these audio clips as voicemail messages.

1

the telephone of victim S.O.  This equipment recorded a number of calls between S.O. and "Frank White" during which White directed S.O. to send money in relation to the lottery scheme.  The government selected eight such calls ranging in length from 3 to 8 minutes for use at trial. These calls have been transcribed.

2.  During the course of the investigation, the FBI learned that Frank White also directed S.O. to send cashier's checks to a woman in Grandville, Michigan with the initials of S.P.  When S.P. attempted to deposit a $45,000 cashier's check received from S.O. as part of the lottery scheme, the bank contacted the Grandville Police Department.  Detective Andrew Measell responded to the bank.  Detective Measell was able to record 1) one conversation between S.P. and a man calling himself "David" (who used the same phone number that was used to call S.O.); and 2) two conversations between Detective Measell (who was posing as S.P.'s grandson), and David.  The government seeks to play these three calls at trial (which range in length from 2 to 36 minutes) during the testimony of Detective Measell.  These calls also have been transcribed.

3.  Defendant's cell phone was seized from his person at the time of his arrest, and was imaged pursuant to a Larimer County, Colorado search warrant.  In the defendant's contacts were numbers associated with his co-defendant Rajay Dobson. During the period of the scheme, Dobson left voicemail messages for the defendant using these phone numbers.  These messages were in the English Caribbean Creole (also known as Jamaican Patois) language.  Eight of these messages were transcribed from this language to English and these transcripts were produced in discovery.[2]  In

---

[2] INV_00002595-2597.

order to establish that the person calling S.O. was actually Dobson, the government will seek to play these messages from Dobson to Luton at trial (which range in length from 5 to 50 seconds) during the testimony of FBI Special Agent Amy Howard. *See United States v. Cook,* 794 F.2d 561, 567 (10th Cir. 1986) (a threshold showing of the identity of parties to a telephone conversation can be shown by circumstantial evidence, such as name references and pen register records of the numbers called; once this threshold showing of speaker identity is made, it is for the jury to determine if the voice is actually of the defendant).[3]

4. Through this motion, the government seeks a ruling from the Court that the transcripts accompanying the recorded calls described above and the recorded voicemail messages be admitted and provided to the jury.

5. Undersigned counsel conferred with defendant's counsel Mr. Mark Scabavea about this motion and he represented that the defendant does not object to this motion.

### Transcripts May Be Admitted Into Evidence

6. All of the recordings described above were provided to defense counsel in discovery on September 23, 2019, soon after defense counsel entered his appearance in this case.[4] Transcripts of these calls and messages were prepared by a certified transcription agency, not by the government. Those transcripts were provided to defense counsel in discovery as soon as they became available.[5]

---

[3] At trial, the government will offer additional evidence to establish that Frank White and David are actually Dobson.
[4] INV_00000682-691 (S.O. calls), INV_00001916-1918 (Grandville calls), INV_00001956-1963 (voicemail messages).
[5] The transcripts of the S.O. and Grandville calls were provided in discovery on October 18, 2019. INV_00002421-2575. The transcripts of the voicemails were provided on November 7, 2019. INV_00002595-2604.

3

7. In *United States v. Devous*, 764 F.2d 1349 (10th Cir. 1985), the Court held that the "ideal procedure" is to have "the prosecution and the defense attorneys stipulate to a transcript." *Id.* at 1355**.** Mr. Scabavea has advised that the defendant stipulates to the accuracy of the transcripts the government intends to present at trial.

8. At trial, the government will move to admit the entire audio of the calls and messages and will move for the admission of these calls through the appropriate witness, *i.e.,* S.O., Officer Measell, and SA Howard.  Once a witness has verified the voices in the call, as will be the case with S.O. and Officer Measell, or verified the location from where the voicemail messages were retrieved, as will be the case with SA Howard, the government will seek permission to play the calls and messages synched with a transcript that will scroll as the call/message is being played for the jury.  *See United States v. Rengifo,* 789 F.2d 975, 980 (1st Cir. 1986) ("[w]e have long upheld the practice of providing the jury with a transcript to help them follow a tape recording being played during trial.").

9. "Tenth Circuit law is well-settled that a district court has discretion in admitting the transcription of an audio recording."  *See United States v. Hooks,* 551 F.3d 1205, 1216 (10th Cir. 2009); *United States v. Davis*, 929 F.2d 554, 559 (10th Cir. 1991) (same).  The purpose of admitting the transcripts is to assist the jury in listening to the tapes, even if the tapes themselves are clear.  *See United States v. Mayes*, 917 F.2d 457, 462-63 (10th Cir. 1990) (finding no abuse of discretion where the district court advised the jury "to use the transcripts only to assist them in listening to the tapes").

10. Accordingly, "the district court, in the exercise of its discretion, should

decide whether properly authenticated transcripts should be admitted as evidence and go to the jury room initially along with the rest of the exhibits." *Rengifo,* 789 F.2d at 983; *see United States v. Williford,* 764 F.2d 1493, 1503 (11th Cir. 1985) ("[a]bsent a showing that the transcripts were inaccurate or that specific prejudice occurred, there is no error in allowing transcripts to go to the jury room").

11. Although limiting instructions are advisable, the Tenth Circuit has "never held that a district court must give such an instruction in every case in which transcripts of audio recordings are admitted." *Hooks*, 551 F.3d at 1216.  Nonetheless, the government would not object to the Court advising the jury, in substance, that whether a transcript is accurate is ultimately a question for them to decide.  *See United States v. Moniruzzaman*, 206 F. App'x 819, 824-825 (10th Cir. 2006) (not precedential) (finding no abuse of discretion in admission of transcript where judge gave limiting instruction); *see Davis*, 929 F.2d at 559 (finding no abuse of discretion in admission of transcripts, in part because court gave appropriate limiting instruction).

12. For these reasons, the government respectfully requests a pre-trial ruling from the Court that the audio recordings and the synched transcripts of the calls and messages may be provided to the jury to assist the jury in listening to the calls.

Date January 23, 2020.

*s/ Mark Scabavea*_____          *s/ Martha A. Paluch*_____

Mark Scabavea                          Martha A. Paluch
Counsel for Leonard Luton              Assistant United States Attorney
                                       Counsel for the Government


s/_____              s/ *Sarah H. Weiss*_____
Leonard Luton                          Sarah H. Weiss
Defendant                              Assistant United States Attorney
                                       Counsel for the Government



Respectfully submitted this 23rd day of January, 2020.

                JASON R. DUNN
                United States Attorney


                s/ Martha A. Paluch
                MARTHA A. PALUCH
                SARAH H. WEISS
                Assistant U.S. Attorneys
                1801 California, Suite 1600
                Denver, CO 80202
                Telephone 303-454-0100
                Facsimile 303-454-0402
                Martha.paluch@usdoj.gov
                Sarah.weiss@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of January, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Martha A. Paluch
MARTHA A. PALUCH
Assistant U.S. Attorney
1801 California, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Martha.paluch@usdoj.gov