IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00098-CMA-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEONARD LUTON,

    Defendant.

## GOVERNMENT'S TRIAL BRIEF

The United States of America (the government), by Martha A. Paluch, and Sarah H. Weiss, Assistant United States Attorneys, respectfully submits this trial brief in advance of the January 30, 2020 trial preparation conference scheduled to begin at 3:00 p.m.  A jury trial is scheduled to commence in this matter on February 10, 2020.  In this brief the government addresses certain stipulations reached by the parties and an issue pertaining to the defendant's post-arrest interview.

### I. Stipulations

The government and the defendant, through his counsel Mark Scabavea, have entered into the following stipulations:

### A. Custodians of Records

As set forth in its Unopposed Motion in Limine Seeking a Pre-Trial Ruling on Self-Authenticating, Non-Hearsay Evidence Pursuant to Fed. R. Evid. Rs. 803(6), 902(11), and 902(13), filed on January 9, 2020 at ECF 77, the parties have stipulated

regarding the authenticity and admissibility of business records and electronic evidence obtained by the government over the course of the investigation.  The electronic evidence referenced in the Motion in Limine is the Cellebrite extraction report performed on the defendant's cellphone. This stipulation obviates the need for 32 custodians to appear at trial and testify to these records.  The Court granted the Motion in Limine on January 16, 2020, ECF 78.

### B.  Recorded Calls and Voicemail Messages and Transcripts of Same

On January 23, 2020, the parties filed a Stipulation Regarding the Admissibility of Transcripts of Recorded Calls and Voice Mail Messages, ECF 83.  At the pretrial conference, the government will request a ruling from the Court as to the admissibility of this evidence.

### C.  Use of Headphones

The parties have agreed that the jurors' use of headphones is appropriate in this case so that they can properly hear the recorded calls and voicemails.  At the pretrial conference, the government will seek the Court's permission to provide headphones for the jurors' use during this trial.

### D.  Chain of Custody on Recording Equipment

On January 23, 2020, the parties filed a Stipulation Regarding Chain of Custody on Recording Equipment, ECF 84.  At the pretrial conference, the government will request a ruling from the Court pursuant to the parties' stipulation that such witnesses will not be required to testify at trial as to the chain of custody for this equipment and recordings therefrom.

### E. Summary Chart submitted pursuant to Fed. R. Evid. 1006

On January 23, 2020, the parties filed a Stipulation as to Admissibility of Fed. R. Evid. 1006 Summary Chart, ECF 82.

The parties have stipulated to the government's use of a summary chart at trial that details mailings and wires made by S.O. during the course of the scheme.  In order to prove these payments and wires, the government obtained thousands of pages of records from 20 financial institutions, as well as from other relevant custodians, including Western Union, FedEx and UPS.  Federal Rule of Evidence 1006 provides that the "proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court," provided the proponent makes the originals or duplicates available to the other party.  In this case, all such records were provided to the defense in discovery.  At the pretrial conference, the government will request a ruling from the Court as to the admissibility of this chart.

## II.   Post-Arrest Interview of the Defendant

The defendant's post-arrest interview was videotaped.  Estes Park Police Detective Caleb Robertson and FBI Special Agent Kevin Hoyland interviewed the defendant.  Many portions of the video are difficult to hear.  The government does not intend to offer the videotape as an exhibit in its case in chief, and instead, will ask questions of Detective Robertson during his direct examination about statements made by the defendant during the interview.

In the interview, the defendant claimed, *inter alia,* that he is afraid of his charged co-conspirator Rajay Dobson; that Dobson is "not nice," that the defendant knows what

3

Dobson "is capable of," and that the defendant was worried Dobson may harm the defendant's family.  In preparation for trial, the government has twice confirmed with Mr. Scabavea that the defendant does not intend to mount a duress defense in this case.  For that reason, the government did not file a motion in limine seeking to preclude such a defense, which the government contends would be inadmissible given the applicable legal standards for such a defense.

Should defense counsel attempt to ask Detective Robertson about these statements, or indeed *any* non-incriminating statement made by the defendant during his post-arrest interview,[1] the government will object on hearsay grounds:  The defendant's statements to law enforcement, when offered by him, are hearsay, and there is no exception to the hearsay rule that will allow their admission.  *See United States v. Rodriguez,* 841 F.2d 1014, 1018 (10th Cir. 1988) (defendant's statements that he had been threatened made in taped post-arrest interview with a police officer were inadmissible hearsay when offered by the defendant; defendant "was not available for cross-examination concerning his assertion that he had been threatened").

Should the defendant change his mind, and while on the stand attempt to assert a duress defense, the government will request a recess in order to argue that the defendant must meet the legal standard before such a defense may be presented to the jury.  *See* 10th Cir. Crim. Pattern Jury Inst. No. 1.36 (setting forth the three elements of a duress defense as: (1) an immediate threat of death or serious bodily injury; (2) a well-grounded fear that the threat will be carried out; *and* (3) no reasonable opportunity to escape the threatened harm); *see United States v. Portillo-Vega*, 478 F.3d 1194, 1197-1198 (10th

---

[1]   Similarly, the government will raise the same objection if the defendant attempts to introduce such statements by playing those portions of his post-arrest interview.

Cir. 1997); *United States v. Al-Rekabi*, 454 F.3d 1113, 1122 (10th Cir. 2006) ('[t]he defense does not arise from a choice of several courses of action.  It can be asserted only by a defendant who was confronted with a crisis which did not permit a selection from among several solutions, some of which did not involve criminal actions," and "[t]he necessity [or duress] exception should be strictly and parsimoniously applied") (internal quotations and citations omitted); *United States v. Dixon*, 901 F.3d 1170, 1176 (10th Cir. 2018) (whether the proposed defense is sufficient as a matter of law is left to the court's discretion).

The government has prepared further briefing on this issue which it will provide to the Court should this issue arise.

Respectfully submitted this 27th day of January, 2020.

JASON R. DUNN
United States Attorney

s/ *Martha A. Paluch*
MARTHA A. PALUCH
SARAH H. WEISS
Assistant U.S. Attorneys
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Email: martha.paluch@usdoj.gov
Sarah.weiss@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 27th day of January, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

                    *s/Martha A. Paluch*
                    Martha A. Paluch
                    Assistant U.S. Attorney
                    United States Attorney's Office
                    1801 California Street, Suite 1600
                    Denver, CO  80202
                    (303) 454-0100
                    Martha.paluch@usdoj.gov