**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Action No. 19-cr-00098-CMA-01

UNITED STATES OF AMERICA,

      Plaintiff,



v.

1.  LEONARD LUTON,

      Defendant.

---

### FINAL JURY INSTRUCTIONS

---

1

**INSTRUCTION NO. 1**
**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges.   I am one of the judges, you are the other.   I am the judge of the law.   You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions that apply in every criminal case – for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.   You will be allowed to take these instructions with you to the jury deliberation room, so you need not take notes as I read them to you.

## INSTRUCTION NO. 2
## PURPOSE OF JURY AND DUTY TO FOLLOW
## INSTRUCTIONS

You are here to decide whether the Government has proved beyond a reasonable doubt that Mr. Luton is guilty of the crimes charged.   Mr. Luton is not on trial for any act, conduct, or crime not charged in the Superseding Indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged.   The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether Mr. Luton has been proved guilty of the crimes charged.

You, as jurors, are the judges of the facts.   But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.   You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.   That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.   That was the promise you made and the oath you took.

**INSTRUCTION NO. 3**
**ALL PERSONS EQUAL BEFORE THE LAW – IMPLICIT BIAS**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.   Corporations and governmental agencies are entitled to the same fair trial as a private individual.   All persons, including corporations, governmental agencies, and other organizations stand equal before the law, and are to be treated as equals.   You should not be influenced by who the parties are, or who the witnesses are, i.e., whether they are rich or poor, young or old, well-educated or not, or a citizen of the United States or another country.

You also should be aware of the natural human tendency to look at others, and to filter what they have to say, through the lens of our own personal experience and background.   Because we all do this, we often see life – and evaluate evidence – in a way that tends to favor people who are like ourselves or who have had life experiences like our own.   In deciding this case, I urge you to be aware of this natural human tendency to stereotype other people and to make assumptions about them based on the stereotypes, and I urge you to avoid such stereotyping.

4

**INSTRUCTION NO. 4**
**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF,**
**AND REASONABLE DOUBT**

The Court instructs you that you must presume Mr. Luton to be innocent of the crimes charged.   Thus, Mr. Luton, although accused of crimes in the Superseding Indictment, begins the trial with a "clean slate" – with no evidence against him.   The law permits the jury to consider only legal evidence presented in court.   The Superseding Indictment or formal charge against Mr. Luton is not evidence of guilt.   In fact it is not evidence of any kind.

The Government has the burden of proving Mr. Luton guilty beyond a reasonable doubt.   Unless the Government proves, beyond a reasonable doubt, that Mr. Luton has committed each and every element of the offenses charged in the Superseding Indictment, you must find him not guilty of those offenses not proven.   This burden never shifts to Mr. Luton because the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses, producing any evidence, or even cross-examining the Government's witnesses.

Although the Government's burden of proof is a strict and heavy burden, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.   There are very few things in this world that we know with absolute certainty.   The test is one of reasonable doubt.   A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Reasonable doubt may arise from the evidence, the lack of evidence, or the nature of the evidence.   It is the kind of doubt that would make a reasonable person hesitate to act.   Proof beyond a reasonable doubt must, therefore, be proof which is so convincing that a reasonable person would not hesitate to rely and act upon it in making the most important decisions in his or her own life.

**INSTRUCTION NO. 5**
**EVIDENCE – DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court.   Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

Nothing else is evidence.   The lawyers' statements and arguments are not evidence.   Their questions and objections are not evidence.   My legal rulings are not evidence.   My comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers or parties asked.   You must completely ignore all of these things.   Do not even think about them.   Do not speculate about what a witness might have said or what an exhibit might have shown.   These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

**INSTRUCTION NO. 6**
**EVIDENCE – DIRECT AND CIRCUMSTANTIAL – INFERENCES**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.   One is direct evidence, such as the testimony of an eyewitness.   The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.   The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

Although you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits; inferences you feel are justified in the light of common experience.   Inferences are conclusions that reason and common sense lead you to draw from the facts established by the evidence in the case.

## INSTRUCTION NO. 7
## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the Government has proved the guilt of Mr. Luton beyond a reasonable doubt.   In doing so, you must consider all of the evidence.   This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.   An important part of your job will be making judgments about the testimony of the witnesses, including Mr. Luton, who testified in this case.

You should think about the testimony of each witness, including Mr. Luton, you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.   In making that decision, I suggest that you ask yourself a few questions:

Did the witness impress you as honest?
Did the witness have any particular reason not to tell the truth?
Did the witness have a personal interest in the outcome in this case?
Did the witness have any relationship with either the Government or the defense?
Did the witness seem to have a good memory?
Did the witness clearly see or hear the things about which he/she testified?
Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?
Did the witness's testimony differ from the testimony of other witnesses?

You should weigh the testimony and evaluate the credibility of Mr. Luton in the same way as that of any other witness.

When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.   You should keep in mind that innocent misrecollection – like failure of recollection – is not uncommon.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

**INSTRUCTION NO. 8**
**EXPERT WITNESS OPINION EVIDENCE**

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.   An exception to this rule exists as to those persons who are described as "expert witnesses."   An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area.   If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves.   You should consider the testimony of expert witnesses just as you consider other evidence in this case.   If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you the jury are the sole judges of the facts of this case.

**INSTRUCTION NO. 9**
**STATEMENTS BY DEFENDANT**

Evidence has been presented about statements attributed to Mr. Luton alleged to have been made after the commission of the crimes charged in this case.   Such evidence should be considered by you with caution and weighed with care.   You should give each statement the weight you think it deserves, after considering all the circumstances under which the statement was made.   If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement.   For example, consider the age, gender, training, education, occupation, and physical and mental condition of Mr. Luton, and all the other circumstances in evidence surrounding the making of the statement.

## INSTRUCTION NO. 10
## JURY'S RECOLLECTION CONTROLS

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

11

**INSTRUCTION NO. 11**
**FALSE EXCULPATORY STATEMENTS**

When a defendant voluntarily and intentionally offers an explanation, or makes some statement before trial tending to show his innocence, and this explanation or statement is later shown to be false, you may consider whether this evidence points to consciousness of guilt.

The significance to be attached to any such evidence is a matter for you to determine.

12

**INSTRUCTION NO. 12**
**IMPEACHMENT BY PRIOR INCONSISTENCIES**

You have heard the testimony of one or more witnesses who, before this trial, made a statement that may be different from his or her testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable the testimony in this trial was.   You cannot use the earlier statement as proof of anything else.   You can only use it as one way of evaluating the credibility of the witness's testimony here in court.

13

## INSTRUCTION NO. 13
## SPECIAL INVESTIGATIVE TECHNIQUES NOT REQUIRED

During the trial, you heard testimony of witnesses that the Government did not utilize specific investigative techniques.   You may consider these facts in deciding whether the Government has met its burden of proof because, as I told you, you should look to all of the evidence or lack of evidence in deciding whether a defendant is guilty. However, you also are instructed that there is no legal requirement that the Government use any specific investigative techniques to prove its case.   The Government is not required to attempt to take fingerprints or to offer fingerprints in evidence.   Law enforcement techniques are not your concern.

I am sure that at least one of you has seen the popular TV shows, CSI and Law & Order.   The capabilities of law enforcement, as portrayed on TV and in the movies, do not apply to this trial.   Specific investigative techniques, such as DNA and fingerprints, are not required to be presented in order for you to find Mr. Luton guilty of the charges in this case.   In considering the appropriate verdict in this case, please disregard any investigative techniques you may have seen on TV or in the movies.

Your concern, as I have said, is to determine whether or not, based on the evidence or lack of evidence, Mr. Luton's guilt has been proved beyond a reasonable doubt.

14

**INSTRUCTION NO. 14**
**TRANSCRIPT OF RECORDED CONVERSATION**

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence.   You also were given transcripts of those recorded conversations.

The Government and Mr. Luton have stipulated that the transcripts are an accurate transcription of the recorded conversations.

**INSTRUCTION NO. 15**
**CAUTION – PUNISHMENT**

If you find Mr. Luton guilty, it will be my duty to decide what the punishment will be.   You should not discuss or consider the possible punishment in any way while deciding your verdict.

**INSTRUCTION NO. 16**
**THE INDICTMENT IS NOT EVIDENCE**

An indictment is only a formal method used by the Government to accuse a defendant of a crime.   It is not evidence of any kind against Mr. Luton.   Mr. Luton is presumed to be innocent of the crime charged.   Even though this Superseding Indictment has been returned against Mr. Luton, he begins this trial with absolutely no evidence against him.

Mr. Luton has pleaded "Not Guilty" to this Superseding Indictment and, therefore, denies that he is guilty of the charges.

17

**INSTRUCTION NO. 17**
**CONSIDER EACH COUNT SEPARATELY**

A separate crime is charged in each count of the Superseding Indictment.   Each charge, and the evidence pertaining to it, should be considered separately by the jury.

## INSTRUCTION NO. 18
## CAUTION – CONSIDER ONLY CRIME CHARGED

You are here to decide whether the Government has proved beyond a reasonable doubt that Mr. Luton is guilty of the crimes charged.   Mr. Luton is not on trial for any act, conduct, or crime not charged in the Superseding Indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged.   The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decided whether Mr. Luton has been proved guilty of the crimes charged.

## INSTRUCTION NO. 19
## "ON OR ABOUT"

The Superseding Indictment charges that crimes were committed "on or about" certain dates.   The Government must prove beyond a reasonable doubt that Mr. Luton committed each crime reasonably near these dates.

**INSTRUCTION NO. 20**
**USE OF CONJUNCTIVE – DISJUNCTIVE**

One or more counts of the Superseding Indictment may accuse Mr. Luton of violating the same statute in more than one way.   In other words, the Superseding Indictment may allege that the statute in question was violated by various acts which are in the Superseding Indictment joined by the conjunctive "and," while the statute and the elements of the offense are stated in the disjunctive, using the word "or."   In these instances, it is sufficient for a finding of guilt if the evidence established beyond a reasonable doubt the violation of the statute by any one of the acts charged.   In order for you to return a guilty verdict, however, all twelve of you must agree that the same act has been proven.

## INSTRUCTION NO. 21
## AIDING AND ABETTING MAIL FRAUD

Counts Two through Ten of the Superseding Indictment charge Mr. Luton with violating Title 18, United States Code, Section 2.   That statute makes it a crime intentionally to help someone else commit a crime.   The statute provides in pertinent part as follows:

>Whoever . . . aids, abets, counsels, commands, induces or procures [the] commission [of an offense against the United States] . . . [shall commit an offense against the United States.]

The Superseding Indictment charges Mr. Luton with aiding and abetting others with respect to committing mail fraud.   This law makes it a crime to use the mails, which includes the use of private or commercial interstate carriers, in carrying out a scheme to defraud.

A scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises is a specific type of scheme to defraud.   This crime is based upon a federal statute known as Title 18, United States Code, Section 1341, which provides in pertinent part as follows:

>Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises . . . . for the purpose of executing such scheme or artifice or attempting so to do . . . places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service . . . or delivered by any private or commercial interstate carrier, . . . or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier . . . according to the direction thereon, or at a place at which it is directed to be delivered by the person to whom it is address, any such matter or thing [shall commit an offense against the United States.]

22

As relevant to the instant case, Counts Two through Ten of the Superseding Indictment charge that from in or about February, 2018, through January 22, 2019, in the State and District of Colorado and elsewhere, the defendants LEONARD LUTON and RAJAY DOBSON, devised and intended to devise, a scheme and artifice to defraud victim S.O., and to obtain property, to wit, United States currency and iPhones, by means of false and fraudulent pretenses, representations, and promises.

On or about the dates listed below for each count, in the State and District of Colorado, LEONARD LUTON and RAJAY DOBSON, for the purpose of executing the lottery scheme described above, knowingly caused and aided and abetted another who knowingly caused to be delivered by private and commercial interstate carriers, cashier's checks, cash, and iPhones, according to the direction thereon, as identified below:

| Count | Date (on or about) | Description of Mailing |
|-------|--------------------|------------------------|
| 2 | March 29, 2018 | $9,095.75 mailed to S.P. in Grandville, MI |
| 3 | April 3, 2018 | $9,095.75 mailed to S.P. in Grandville, MI |
| 4 | April 16, 2018 | $45,000 mailed to S.P. in Grandville, MI |
| 5 | July 27, 2018 | $20,000 mailed to Frank White in Jamaica, NY |
| 6 | September 6, 2018 | $15,000 mailed to M.W. in Toms River, NJ |
| 7 | September 25, 2018 | $20,000 mailed to J.A. in Toms River, NJ |
| 8 | October 22, 2018 | Two iPhones mailed to J.A. in Brooklyn, NY |
| 9 | October 30, 2018 | Two iPhones mailed to J.A. in Brooklyn, NY |
| 10 | November 7, 2018 | $15,000 mailed to T.W. in Brooklyn, NY |

**INSTRUCTION NO. 22**
**AIDING AND ABETTING — ELEMENTS**

To find Mr. Luton guilty of aiding and abetting mail fraud as charged in Counts Two through Ten of the Superseding Indictment, you must be convinced that the Government has proved each of the following elements beyond a reasonable doubt:

1. Rajay Dobson committed the charged crime, and

2. Mr. Luton intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the Government must prove that Mr. Luton consciously shared Rajay Dobson's knowledge of the underlying criminal act and intended to help him.

Mr. Luton need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

**INSTRUCTION NO. 23**
**MAIL FRAUD — ELEMENTS**

With respect to the first element of aiding and abetting mail fraud, to find that "someone else" committed the crime of mail fraud, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

1. Rajay Dobson or persons other than Mr. Luton devised or intended to devise a scheme to defraud Sandra Olson by making false and fraudulent representations regarding her winning a lottery, as alleged in the Superseding Indictment;

2. Rajay Dobson or persons other than Mr. Luton acted with specific intent to defraud Sandra Olson;

3. Rajay Dobson or persons other than Mr. Luton caused another person to mail something through a commercial interstate carrier for the purpose of carrying out the scheme; and

4. The scheme employed false or fraudulent pretenses, representations, or promises that were material.

**DEFINITIONS:**

A "scheme to defraud" is conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension.

An "intent to defraud" means an intent to deceive or cheat someone.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity.   A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

FedEx and United Parcel Service ("UPS") are commercial interstate carriers, as that term is used in Section 1341.

What must be proven beyond a reasonable doubt is that Rajay Dobson or persons other than Mr. Luton devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the Superseding Indictment, and that the use of commercial interstate carriers such as FedEx or UPS was closely related to

the scheme, in that Rajay Dobson or persons other than Mr. Luton caused something to be sent via FedEx or UPS in an attempt to execute or carry out the scheme.

To "cause" a commercial interstate carrier such as FedEx or UPS to be used is to do an act with knowledge that the use of such carriers will follow in the ordinary course of business or where such use can reasonably be foreseen even though Rajay Dobson or persons other than Mr. Luton did not intend or request these carriers to be used.

**INSTRUCTION NO. 24**
**PROOF OF KNOWLEDGE OR INTENT**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.   In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

27

**INSTRUCTION NO. 25**
**"KNOWINGLY" – DEFINED**

The term "knowingly," as used in these instructions to describe the alleged state of mind of Mr. Luton, means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

**INSTRUCTION NO. 26**
**"KNOWINGLY" – DELIBERATE IGNORANCE**

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of Mr. Luton cannot be established merely by demonstrating that Mr. Luton was negligent, careless, or foolish, knowledge can be inferred if Mr. Luton deliberately blinded himself to the existence of a fact.

**INSTRUCTION NO. 27**
**CONSPIRACY TO COMMIT MAIL FRAUD**

Count 1 of the Superseding Indictment charges that from in or about February 2018 through January 22, 2019, in the State and District of Colorado and elsewhere, Mr. Luton and his co-defendant Mr. Rajay Dobson, knowingly conspired to commit the offense of mail fraud, all in violation of Title 18, United States Code, Sections 1341 and 1349.

Title 18, United States Code, Section 1349 makes it a federal crime for any person to conspire to commit any offense under Title 18 of the criminal code, which includes mail fraud.

To find Mr. Luton guilty of this crime, you must be convinced that the Government has proved each of the following elements beyond a reasonable doubt:

1. Mr. Luton agreed with at least one other person to commit mail fraud (defined later);

2. Mr. Luton knew the essential objective of the conspiracy;

3. Mr. Luton knowingly and voluntarily participated; and

4. There was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

**DEFINITIONS**:

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose.   It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.   The evidence may show that some of the persons involved in the alleged conspiracy are not on trial.   This does not matter.   There is no requirement that all members of a conspiracy be charged or tried together in one proceeding.

The evidence need not show that the members entered into an express or formal agreement.   Nor does the law require proof that the members agreed on all the details. But the evidence must show that the members of the alleged conspiracy came to a mutual understanding to try to accomplish a common and unlawful plan.

30

If you are convinced that the charged conspiracy existed, then you must next determine whether Mr. Luton was a member of that conspiracy, that is, whether Mr. Luton knew at least the essential goals of the conspiracy and voluntarily chose to be part of it.   The law does not require proof that Mr. Luton knew all the other members of the conspiracy or knew all the details about how activities were to be carried out.   A person may belong to a conspiracy for a brief period of time or play a minor role.   On the other hand, proof is not sufficient if it merely shows that Mr. Luton knew about the existence of the conspiracy or was associated with members of the conspiracy. Rather, the evidence must show Mr. Luton knowingly joined the conspiracy with the intent to advance its purposes.

You are also required to find that interdependence existed among the members of the conspiracy.   This means that the members intended to act for their shared mutual benefit.   To satisfy this element, you must conclude that Mr. Luton participated in a shared criminal purpose and that his actions constituted an essential and integral step toward the realization of that purpose.

**INSTRUCTION NO. 28**
**DUTY TO DELIBERATE – VERDICT FORM**

After the closing arguments, the court security officer will escort you to the jury room and will give you the original jury instructions and the original verdict form.   Any exhibits admitted into evidence will also be placed in the jury room for your review. You will be allowed to take your notes and your copy of the jury instructions that I have just read with you.   The original of the jury instructions and the exhibits are a part of the Court record.   Do not place any marks or notes on them.   Your copy of the instructions may be marked or used in any way you see fit.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.   The second thing you should do is review the instructions.   Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.   Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

A Verdict Form has been prepared to help guide you through your deliberations. To reach a verdict, whether it is guilty or not guilty, all of you must agree.   Your verdict must be unanimous on each count of the Superseding Indictment.   Your deliberations will be secret.   You will never have to explain your verdict to anyone.   Your foreperson will write the unanimous answer of the jury in the space provided for each count of the Superseding Indictment, either guilty or not guilty.   This is the only verdict form that you will receive, so please do not write on the original verdict form or indicate your answer to any questions on the original verdict form until you have all agreed on the answer.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.   You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

This is an important case.   If you should fail to agree upon a verdict, the case is left open and must be tried again.   Obviously, another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.

You are reminded that Mr. Luton is presumed innocent, and that the Government, not Mr. Luton, has the burden of proof and it must prove Mr. Luton guilty beyond a reasonable doubt.   As judges of the facts, you must decide whether the Government has proved Mr. Luton's guilt beyond a reasonable doubt.

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.   Those of you who believe that the Government has proved Mr. Luton guilty beyond a reasonable doubt should stop and ask yourselves if the evidence is really convincing enough.   Those of you who believe that the Government has not proved Mr. Luton guilty beyond a reasonable doubt should stop and ask yourselves if the doubt you have is a reasonable one.   In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous.   But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

After you reach a verdict, your foreperson should ensure that the original verdict form is complete and then he/she must sign and date the original verdict form.   The foreperson should then advise the court security officer that you have reached a verdict, but do not tell the court security officer what your verdict is.   The court security officer will then inform me that you have reached a verdict.   The foreperson should remain in possession of the original verdict form until you return to the courtroom and I request that it be given to me.

33

**INSTRUCTION NO. 29**
**COMMUNICATIONS WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a folded note through the court security officer.   Do not disclose the content of your note to the court security officer.   No member of the jury should hereafter attempt to communicate with me except in writing and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.   You are not to tell anyone – including me – how the jury stands, numerically or otherwise, until you have reached a unanimous verdict and I have discharged you.

If you send a note to me containing a question or request for further direction, please bear in mind that responses take considerable time and effort.   Before giving an answer or direction I must first notify the attorneys and bring them back to the court. I must confer with them, listen to arguments, research the legal authorities, if necessary, and reduce the answer or direction to writing.

There may be some question that, under the law, I am not permitted to answer. If it is improper for me to answer the question, I will tell you that.   Please do not speculate about what the answer to your question might be or why I am not able to answer a particular question.

34